Good morning, Your Honors. May it please the Court, Michael Tanaka, Deputy Federal Public Defender, appearing on behalf of Petitioner Johnson. I'll try to reserve a couple of minutes for rebuttal. In this case, Mr. Johnson was convicted of a couple of counts of carjacking and sentenced to 50 years to life. He wished to contest the constitutionality of that sentence and conviction on federal habeas, but his petition was filed six days after the statute of limitations expired. Nonetheless, the district court erred in dismissing that petition because he was entitled to equitable tolling that would have made that petition timely. Now, the standard for equitable tolling is well familiar. One, it's two-pronged. You have to diligently be pursuing your rights. And second, there has to be some extraordinary circumstance that stood in the way and prevented the timely filing. In this case, Mr. Johnson met both prongs. First, he acted with reasonable diligence. Now, diligence, as this Court has defined it, isn't, and the Supreme Court as well, isn't everything that anyone could have possibly done to file a petition on time, but it's only that what's reasonable diligence, and he acted reasonably. One, and then also, again, under this Court's standard, diligence has to be considered in light of those particular facts and circumstances of both the case and the petitioner. Mr. Johnson was an uneducated prisoner who lacked any legal experience or ability. So in that case, he finds himself in prison. He has 12 months to file a petition. He begins by gathering his materials and, according to his declaration, has started to draft a petition. With three months remaining in the statute of limitations period, he's put into administrative segregation and he has lost his access to all the briefs in this case, all the opinions, and whatever work he had done up to then. He's released from administrative segregation just a mere two weeks before the petition is due. He still needs to transfer that to the form that's required by the federal court in the central district. The only place he can get that form is the law library. He spends seven days getting it in order, and seven days before the petition is due, and well in time to file it, he requests to go to the library and get the form. He doesn't hear anything. A couple days later, he submits another request, still not hearing. He then finds someone who works in the library who has access to the library and has that man get the form for him. That's on the day the petition is due. He gets the form, presumably transfers what he has onto the form, and then has to wait until his friend or his acquaintance or his fellow prisoner can get back to the law library, which is six days later, to copy the petition so he can send it to court. Having done that, he does all that and he files it six days late. Under those circumstances, he did everything he could have been reasonably expected to do to file that petition on time. He easily meets the diligence standard, and the case is cited in the brief, and certainly many of the cases from this court's jurisprudence prove that. When he asked for access to the law library, did he inform correctional officials that he was up against the statutory deadline? Yes, Your Honor. I believe that's reflected in the request. It shows a deadline. I think yes is enough. If that's not accurate, I'm sure counsel for the state will advise us. It's on ER 34. Yeah, 34 and 35. So, yes, the person was well aware that he had this deadline, and nonetheless didn't respond or didn't grant him that access. Now, the second prong of the Equal Tolerant thing is whether extraordinary circumstances beyond his control stood in the way of the time of filing. And, again, that is clear here because the requisite for filing in the central district is getting the form. The only place he could get that form was the law library. So without that form, he couldn't file, and it was the lack of access to the law library that prevented him from timely filing, and that was obviously beyond his control. He didn't have that in the cell. There was no other way of getting it. Your brief also argues for a reset date under the statute. Is that right? That's correct, Your Honor. That's a higher burden, isn't it? It is, and in this case, although I'd be happy to speak to that, it's clear that if he meets the standard for equitable tolerant, then the petition is timely, which is kind of a subset of the other for the reset date. So you don't have to win on the reset date. That's correct. There were other factors that the district court pointed to that the judge relied upon for denying the petition. I think those are all well addressed in the brief, unless there's questions about them, I think I'll... I don't believe that we do. You may save your time for rebuttal if you'd like. Thank you, Your Honor. Good morning. May it please the Court, Deputy Attorney General Sarah Farhad on behalf of Respondent LaWarden. The ADPA provides one year for inmates to file a federal habeas petition, but if an inmate like Mr. Johnson chooses to wait until the last week of that limitations period to obtain the required form petition, despite earlier opportunities to get that, and then some foreseeable event like a prison lockdown occurs in that last bit of time, then he has to bear the consequences of his decision to wait. In Gibbs, a different... That's pretty harsh. It is harsh. It is harsh, but the legislature... The federal courts have been pretty firm in enforcing that. I've sat on cases where there was no equitable tolling and the filing was one day late, and we didn't allow the filing. But whatever happened in advance of this, apparently from the record, correct me if I'm wrong, he asked for access to the law library and told prison officials that he was up against the deadline and he was not allowed access. Now, they may have had perfectly legitimate correctional reasons for refusing that request, but isn't the consequence that he's entitled to equitable tolling? I have a couple of points in response to that question. First, Mr. Johnson made his first library request approximately one week prior to the statute of limitations expiration. Under the CCRs, state officials have seven days, seven calendar days, to respond to a request. So that's something that Mr. Johnson should have considered in terms of timing of his library requests. But secondly... Does that reflect whether he was aware of that? It does not reflect that. But secondly, I would point out that the statute was running for nine months before Mr. Johnson was placed in administrative segregation, and it appears that he did have access to the library during that time. So for nine months he had his legal file with the briefs and whatever work he had done so far on a federal petition, and he had library access, during which time he could have obtained the foreign petition that he needed in order to file. And the period before the administrative segregation is relevant, but as the panel and Gibbs pointed out, the key consideration for equitable tolling should be the petitioner's diligence or his conduct during the time of the extraordinary circumstance. And I'm not conceding that either administrative segregation or lockdown in this case amounted to extraordinary circumstance, but focusing just on his diligence during those periods, Mr. What would amount to extraordinary circumstances in your view? Well, I mean, this could He's an ad seg. He's in administrative segregation. He can't leave the cell except for what, an hour a day? I'm not sure the parameters of it. He certainly doesn't have access to the law library. He does. He has access to the law library during his administrative segregation. The CCRs provide that meaningful access is required, and that if physical access can't be permitted for any reason, they have a system in place called library paging where the petitioner could request materials from the library and they would be brought directly to him in his cell. Why not just respond by handing him the form? How is the prison supposed to know that's what he needed? Is that what he asked? No. That's his argument. His request said new filing. Both of his requests indicated Both on the 10th and on the 14th, they both said new filing. New filing. But it didn't request specifically the form petition. He only is arguing that he needed the form petition here on appeal. So he could have during his So the administrative segregation isn't extraordinary mostly because he was there because of his own misconduct. It's not like Espinosa Matthews where he was Is it your position that someone who's been placed in administrative segregation because of misconduct is unable to demonstrate diligence or is unable to obtain equitable tolling? I'm saying that It's a yes or no. Is it your view that someone in that situation is precluded from establishing the requirements for equitable tolling? In my opinion, yes. Based on this court's precedents, it seems that that would be the case. So if a prisoner contracted Ebola and was quarantined for 21 days and that took him or her outside the statute of limitations, that would not be extraordinary circumstances in your view? I would say that would be extraordinary circumstances. The difference with Mr. Johnson is that he was placed in administrative segregation because he broke the rules. He was found illegally with a cell phone in his cell. And that's highly different than What case do you rely on to say that someone who is unable to, for the sake of this question, say unable to get access to the library because they've engaged in misconduct can't take advantage of equitable tolling per se regardless of the other circumstances? There is no case that I'm aware of that says that per se. And the cases that I've cited are distinguishable because, like in Espinosa Matthews, he was transferred. And so that was beyond his control. And in the other couple of cases I cited, the inmates were placed there for their own protection. It wasn't their choice to be there, and it wasn't their own misconduct that led them there. They were placed there because prison officials placed them there for protection. Those are the cases that I'm making that distinction on. I haven't seen a case where a court has granted equitable tolling because a petitioner has been placed in administrative segregation because of his own misconduct and then fails to do anything while he's in administrative segregation despite the fact that he could. He could have requested library access, but he didn't. He could have requested access to his legal file, but he didn't. So if I understand you correctly, I think you're telling us that in weighing equities we need to look at his conduct. And because his conduct got him into this problem to begin with, it's not equitable to give him any benefit. Is that basically it? That's basically it, Your Honor. And it sounds like on diligence your main argument is that even though he made these unanswered library requests, he did it very late in the game and could have done it much sooner. That's part of the argument, yes. I mean, part of the argument also is that he had library access before and he didn't obtain the petition, the form petition, that state officials are, by the regulations, given seven days to respond. And he had done it so late that even if they had responded timely under the regulations, that would have been the last date of the limitations period. And as it was, Mr. Johnson then took another seven days to file the petition. So there's no reason to believe he would have been able to file timely even if he had received access to the library prior to the limitations period expiring. He doesn't give any persuasive, in my opinion, explanation for that seven-day delay after receiving the form petition. He cites to low reading levels and low cognitive abilities. That's based entirely on those two administrative segregation placement forms that are in the excerpts of the record that indicate that his reading level is basically a freshman or sophomore in high school, which I would submit doesn't come close to the showing required under Bills v. Clark for mental incapacity or mental incompetence, justifying equitable tolling of the limitations period. In closing, I would just say that although it may seem harsh, given the short amount of time that Mr. Johnson was on timely in this case, the legislature has drawn a line in terms of how long a petitioner has to file a federal petition. It's actually Congress, isn't it? Congress. I stand corrected. Thank you, Your Honor. Johnson had one year to file his petition, and he made a mistake of waiting until the very end of that limitations period to do so. Absent any extraordinary circumstances and reasonable diligence by Mr. Johnson, both of which I submit are absent in this case, equitable tolling of the period isn't warranted. The district court's dismissal of Mr. Johnson's petition as untimely was correct, and I ask that that decision be affirmed. Thank you, counsel. Thank you. Mr. Tanaka, you have some rebuttal time remaining if you'd like to use it. I'd first like to address Judge Sedgwick's observation that this was an equitable tolling case, so we're going to consider all the circumstances where there's entitlement. Could you speak up just a little bit, counsel? Yes. Thank you very much. Aside from the fact that there is no authority giving for some per se ban on the consideration of equitable tolling for someone who ends up in Ad Sec through their own misconduct, that does open a horrendous nest of problems, because obviously any ñ I mean, there are always limitations in prison. All prisoners don't have free access to law libraries or lawyers just by virtue of their own misconduct. The question then is, does being in Ad Sec merit being separated from your files, and does it mean that you have to forfeit your entitlement to federal habeas because of your own misconduct? What is your response to counsel's statement that even though library access in a physical go-to-the-library sense is not available, that files can be brought, including the prisoner's own files, to their cell if they're in Ad Sec, if they make the proper request? Is that ñ do you agree or disagree with the fact that that's available? It's not clear, and Espinoza-Matthews ñ Well, it's not a case name. I'm asking as a factual matter. As a factual matter in this case, it's not clear. He said that he was separated. There's no evidence one way or the other. Are there regulations that permit a person in segregation to request materials be brought to them in their cell? There are, but that's why Espinoza-Matthews is relevant, because those regulations existed then. In that case, the facts in that case show that despite repeated requests, he was never given his materials. Well, but here, as I understand it, there were no earlier requests before the one made on the 10th of March. Is that correct? That ñ I believe the record is unclear, and if the Court is inclined to rule on that ground, I believe a remand would be required because he said he was separated from his files. Now, he doesn't say that he requested files and was denied, but he also doesn't say that ñ but there's just no evidence on that. There's no evidence that he could have requested them or that he knew about that or that was denied. Clearly, though, he didn't have his files. That's ñ that's in his declaration at ER 28. So I think a fair inference from that is that he tried to get them, though obviously that's not stated explicitly. But there's sufficient ambiguity in this declaration to suggest that he may have requested them. Even so, Your Honor, he had two weeks afterwards, and this Court's case law has shown that as long as you act with reasonable diligence after this disability, and in this case, I'd say, then that is sufficient. So he had two weeks, which is sufficient time to do this, and he tried to do it and was again blocked. So we do know that he may request within that final two-week period. If this Court looks at Stobing v. Lamarck, which is at 319F3-1199, in that case, they waited until the very last day. His lawyer, because she had an assurance that they would have the petition signed, presented it to the person on the last day that it could have been filed. Now, the litigation coordinator of the prison disregarded that request or didn't comply with it, and so the petition wasn't signed on the day that it was supposed to be signed due for filing that day. Nonetheless, this Court found because there were extraordinary circumstances and because the petitioner reasonably relied on the representation of both his lawyer and the prison, then he was entitled to hold tolling. Thank you, counsel. Your time has expired, and I think we understand your position. So the case just argued is submitted, and we appreciate the helpful arguments from both counsel.
judges: Sedwick, Hawkins, Graber